NEW ALBANY (PUTNAM v.). See Case No. 11,481.

NEW ALBANY. ETC., RY. CO. (BILL v.). See Case No. 1,407.

NEW ALBANY. ETC., R. CO. (WILLIAMSON v.). See Case No. 17,753.

## Case No. 10,140.

In re NEW AMSTERDAM FIRE INS. CO.

[6 Ben. 368.] [1]

Circuit Court, S. D. New York. Feb., 1873.

ACT OF BANKRUPTCY — CORPORATION DISSOLVED BY STATE COURT—JURISDICTION.

1. A district court has jurisdiction to declare bankrupt a corporation which has been dissolved by a state court, but the proceeding must be commenced within six months after the corporation has been dissolved.

2. A corporation was dissolved by a state court and a receiver appointed. More than six months after, the receiver collected a claim of the corporation from a debtor by legal process: *Held*, that such collection was not a taking of the property of the corporation on legal process, in the sense of the bankruptcy act [of 1867 (14 Stat. 517)].

In bankruptcy.

BLATCHFORD, District Judge. The company, which was a New York corporation, was dissolved by an order of the supreme court of New York, on the 14th of December, 1871, and a receiver of all its property was at the same time appointed by that court, in proceedings instituted by the attorney-general of the state. The petition in bankruptcy in this matter alleges that the corporation has carried on business in this district for a period of six months next preceding the date of filing the petition. The act of bankruptcy alleged is, that the corporation, on the 17th of October,

1872, being insolvent, suffered the sum of $205.23, being money due to the corporation from the estate of one George Schenck, a bankrupt, to be taken on legal process by said receiver, with intent thereby to give a preference to one or more of its creditors, and with intent to delay and defeat the operation of the bankruptcy act.

The 39th section requires, that the petition shall be brought within six months after the act of bankruptcy shall have been committed. The latest act of bankruptcy which the corporation can have committed was committed by it on the 14th of December, 1871, by its suffering the receiver to be appointed, and its property to be taken by him on legal process. He took all of its property then, under the legal process by which he was appointed. That was more than six months before this petition was filed, this petition being filed February 19th, 1873. The receiver has not taken any of the property of the corporation, on legal process, since the 14th of December, 1871, nor has any property of the corporation been taken by any one else since that time, on legal process, in the sense of the act. He, at that time, took, on legal process, the claim of the corporation against the estate of Schenck, in so far as such claim has ever been taken by him on legal process. His collection of that claim from the estate of Schenck, on the 17th of October, 1872, is not a taking of the property of the corporation, on legal process, in the sense of the act. The petition should have been brought within six months after the 14th of December, 1871. While a district court has jurisdiction to adjudge a corporation bankrupt, although the corporation has been dissolved by a state court (In re Independent Ins. Co. [Case No. 7,018]; Platt v. Archer [Id. 11,213]; In re Merchants' Ins. Co. [Id. 9,441]), yet the proceeding must be commenced within six months after the corporation has been dissolved. It was so commenced in the three cases above cited. The views adopted by the district court in Louisiana, in Thornhill v. Bank of Louisiana [Id. 13,990], and by the circuit court for that district in the same case [Id. 13,992], have not been adopted in this district, and I am not prepared to adopt them, until they are approved by the circuit court for this district.